IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MATHIEU D. MOZDEN                                                    PLAINTIFF


        v.                        Civil No.  13-5160


SHERIFF TIM HELDER; NURSE RHONDA
BRADLEY; ARAMARK FOOD SERVICES;
SERGEANT JAMES MORSE; FOOD SERVICE
DIRECTOR SONIA JENNINGS                                            DEFENDANTS


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

        This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff

proceeds *pro se* and *in forma pauperis*.

        Plaintiff is currently incarcerated in the Grimes Unit of the Arkansas Department of

Correction located in Newport, Arkansas.  At all times relevant to this case, Plaintiff was

incarcerated in the Washington County Detention Center (WCDC) located in Fayetteville,

Arkansas.  Plaintiff maintains he was denied adequate medical care and denied an adequate diet

and/or one in compliance with his medical prescription.

        The case is currently before me on a motion to dismiss (Doc. 21) filed by Aramark

Correctional Services, LLC and Sonia Jennings.  Plaintiff has filed a response (Doc. 33) and

Defendants were given leave to file a reply brief.[1]

_____

[1] The reply brief is attached to Document 36 and will also be filed as a separate document.

AO72A
(Rev. 8/82)

**1.  Background**

According to the allegations of the complaint (Doc. 1) and addendum (Doc. 8), Plaintiff was incarcerated in the WCDC on a parole violation and awaiting sentence.  Prior to his incarceration, Plaintiff sustained a 9mm gun shot wound to his foot and ankle shattering both.

Plaintiff maintains his medical care was grossly neglected.  Plaintiff was placed in twenty-three hour a day segregation.  He was not permitted to have a medical apparatus, of any type, to aide with his mobility.  For more than a month, Plaintiff states he was forced to hop on one leg or try to limp on his shattered foot and ankle.  Plaintiff indicates there were wheel chairs and shower chairs available at the facility but they were not made accessible to him.

Plaintiff states he was forced to wait more than a month to see an orthopedic doctor.  Due to the lapse in time from the injury to the appointment, Plaintiff states he was informed that he had suffered permanent nerve, joint, and tissue damage.  At that point, Plaintiff was told it was inoperable.  The doctor did indicate that Plaintiff would benefit from the use of an ankle brace or a boot.

According to Plaintiff, because the doctor did not indicate the brace or boot was a necessity, it was not obtained.  Additionally, he states Nurse Rhonda Bradley refused to approve the use of any mobility aides.

After about a week, the orthopedic doctor was contacted and he strongly suggested that Plaintiff be fitted for a boot.  A boot was then ordered.

Plaintiff alleges that Aramark and Jennings have refused to honor his medical diet.  When he arrived at the facility, Plaintiff states he weighed between 186 and 200 pounds.  His weight went down to 145 pounds and he felt weak and lacked energy.  He asserts medical staff ordered

-2-

him a high protein and high calorie diet. After initially providing him with this special diet, Sonia Jennings put Plaintiff back on regular trays. Aramark maintained that the regular meals were high in protein and in caloric value.

Attached to the complaint are print outs from the electronic grievance data bank. Plaintiff submitted several grievances related to his diet. Jennings responded to a number of the grievances nothing that in accordance with the approved diet menu, a high protein diet was a regular tray and that no additions were needed.

### 2.  Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

AO72A
(Rev. 8/82)

**3.  Discussion**

In their motion to dismiss, Defendants argue:  (1) the Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff has failed to allege or state facts showing that Aramark or Jennings acted under color of state law; and (3) the Plaintiff has failed to state facts showing that Aramark or Jennings conducted any wrongful activity or caused any alleged damage or injury. Each argument will be addressed.

**(A).  Failure to Exhaust**

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), mandates exhaustion of available administrative remedies before an inmate files suit.  Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Exhaustion is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  In *Jones v. Bock,* 549 U.S. 199 (2007), the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules."  *Id.* at 218 (internal quotation marks and citation omitted).  The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to clam, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.* "[F]ailure to exhaust available administrative remedies is an affirmative defense, not a matter of subject matter jurisdiction."  *Lenz v. Wade*, 490 F.3d 991, 993 n. 2 (8th Cir. 2007).

AO72A
(Rev. 8/82)

Defendants argue that the Plaintiff must comply with the requirements of the Arkansas Department of Correction's grievance policy.  It is not clear why they believe this since Plaintiff was housed in the WCDC;  Aramark's contract was with the WCDC ; and Jennings worked at the WCDC.  His grievances were denied on the merits by Jennings.  Clearly, Plaintiff exhausted the grievance procedure at the WCDC.

**(B).  Color of State Law**

In *Price v. Suarez*, 2011 WL 635225 (D. Utah Feb. 11, 2011), the court addressed the argument, identical to the one made by Aramark, that a contracted food service provider for a detention facility could not be held liable because it was not a state actor.

The court rejected this argument stating:

> Section 1983 applies only to people acting under the color of state law. 42 U.S.C. § 1983. But "[i]f a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, 'that conduct [is] also action under color of state law and will support a suit under § 1983.' " *West v. Atkins,* 487 U.S. 42, 49 (1988) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 935 (1982)). "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State ... or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' " *West,* 487 U.S. at 49 (citations omitted). In order for Compass to be liable under § 1983, it must be a state actor.
>
> In *West,* the Supreme Court held that a physician who was under contract to provide medical services to inmates at a state prison was a state actor for purposes of § 1983. *Id.* at 57. Because of the physician's "function within the state system," and not "the precise terms of his employment ... his actions [could] fairly be attributable to the State." *Id.* at 55-56. The fact that the State contracted out prison medical care did not "relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it [did] not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights." *Id.* at 56. "The State bore an affirmative obligation to provide adequate medical care to [its prisoners]; the State delegated that function to [the physician] Atkins; and [the physician] voluntarily assumed that obligation by contract." *Id.*

-5-

Here, the Jail contracted out to Compass the exclusive right to provide and operate food services for the inmates and staff of the Jail. The State, and therefore the Jail, had a constitutional obligation to provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Ramos v. Lamm,* 639 F.2d 559, 570-71 (10th Cir.1980). The Jail delegated that obligation to Compass, and Compass voluntarily assumed the obligation by contract. Compass's provision of food to the inmates was state action, and Compass therefore acted under of color of state law for purposes of § 1983.

Id., 2011 WL 635225 at 3. This Court, on at least two occasions, has determined that Aramark, working pursuant to a contract, acts under color of state law in providing meals to prisoners. *See e.g., Wilmoth v. Aramark Correctional Services, LLC*, 2012 WL 4472147 (W.D. Ark. Aug. 16, 2012); *Jones v. Helder*, 2011 WL 1194008 (W.D. Ark. March 8, 2011). *See also Pagan v. Westchester County*, 2014 WL 982876 (S.D.N.Y. March 12, 2014)(Aramark has contracted to perform the governmental function of providing nutritionally adequate food to prisoners in Westchester County); *Williams v. Gloria*, 2013 WL 3982348 (E.D. Pa. Aug. 2, 2013)("Aramark was acting under color of state law in the preparation of food for inmates"); *Jubeh v. Dart*, 2011 WL 6010267 (N.D. Ill. Nov. 29, 2011)(Aramark acted under color of state law); *Drennon v. ABL*, 2006 WL 3448686 (M.D. Tenn. Nov. 27, 2006)(finding a food service contractor at a correctional facility to be acting under color of law).

The situation is the same in this case. ARAMARK has assumed the obligation to provide a nutritionally adequate diet to the inmates of the WCDC. In doing so, it is acting under color of state law.

AO72A
(Rev. 8/82)

**(C).  No Constitutional Violation**

Defendants next argue that Plaintiff has not alleged facts sufficient to show the violation of a constitutional right.  Aramark asserts that it has no responsibility for selecting specialized meals for individual inmates.

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment.  U.S. Const. amend. VIII.  *See also Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006)(deliberate indifference standard of the Eighth Amendment applies to claims, brought by pretrial detainees or convicted inmates, that  prison officials failed to provide adequate food, clothing, shelter, etc.).  A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element.  *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004)(*citing Wilson v. Seiter*, 501 U.S. 294, 298, (1991)).  "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities.  The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner."  *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted).

The Eighth Amendment's prohibition against cruel and unusual punishment is violated if an inmate is not provided with meals adequate to maintain his health.  *See e.g., Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992)(prisoners have a right to nutritionally adequate food); *Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir. 1980)(prisoners are guaranteed a reasonably adequate diet).  To prevail on

AO72A
(Rev. 8/82)

an Eighth Amendment claim, Plaintiff must show the Defendants were deliberately indifferent to his dietary needs. *Wishon v. Gammon*, 978 F.2d 446 (8th Cir. 1992).

I believe the Plaintiff allegations are sufficient to state a plausible claim. He alleges he lost in excess of forty pounds while incarcerated at the WCDC. He also alleges that the Defendants ignored his medical prescription for a high protein and high calorie diet.

**4.  Conclusion**

For the reasons stated, I recommend that the motion to dismiss (Doc. 21) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of April 2014.


/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-8-

AO72A
(Rev. 8/82)