IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MATHIEU D. MOZDEN                                                                    PLAINTIFF

v.                                    Case No. 5:13-CV-05160

SHERIFF TIM HELDER; NURSE RHONDA
BRADLEY; ARAMARK CORRECTIONAL
SERVICES, LLC; SERGEANT JAMES
MORSE; and FOOD SERVICE DIRECTOR
SONIA JENNINGS                                                                       DEFENDANTS

## ORDER

Currently before the Court is the Report and Recommendation (Doc. 44) of the Honorable James R. Marschewski, Chief United States Magistrate for the Western District of Arkansas, filed in this case on April 8, 2014, regarding Separate Defendants Aramark Correctional Services, LLC ("Aramark") and Sonia Jennings' Motion to Dismiss (Doc. 21). After careful review of the Report and Recommendation, Defendants' First Amended Objections to the Magistrate's Report (Doc. 25), Defendants' Motion to Dismiss and Brief in Support (Docs. 21 and 22), Plaintiff's Response to the Motion to Dismiss (Doc. 33), Defendants' Reply to Plaintiff's Response to the Motion to Dismiss (Doc. 45), and a *de novo* review of the record, the Court finds that Defendants' objections offer neither law nor fact requiring departure from the Magistrate's findings. Accordingly, the Report and Recommendation should be, and hereby is ADOPTED IN ITS ENTIRETY.

The Magistrate's recommendation that this Court deny Defendants' Motion to Dismiss Plaintiff's Complaint for violations arising under 42 U.S.C. § 1983 is consistent with the findings of the Court. On August 5, 2013, Plaintiff brought suit against the Washington County Detention Center, Nurse Rhonda Bradley, Aramark, Sergeant James Morse, and

Food Service Director Sonia Jennings, contending that his medical care was grossly neglected and that Defendants refused to honor his medical diet.  Plaintiff subsequently Amended his Complaint (Doc. 8), substituting Sheriff Helder for Washington County Detention Center.  In the Amended Complaint, Plaintiff also clarifies that he is suing all individuals in both their individual and official capacities.

With respect to the claims against Defendants Aramark and Jennings, Plaintiff alleges that they have denied him an adequate diet in compliance with his medical prescription. Upon arrival at the facility, Plaintiff states he weighed between 186 and 200 pounds.  His weight has since decreased to 145 pounds. He contends that the medical staff ordered that he be served a high calorie and high protein diet.  After initially providing him with the special diet, which included additional servings of protein, Plaintiff alleges that Jennings ordered that he return to receiving regular meals, maintaining that the regular meals served to inmates already fulfilled the requirements of a high protein and high calorie diet and no additional servings of protein were necessary.

The Magistrate recommends that Aramark and Jennings' Motion to Dismiss be denied because they acted under the color of state law, and Plaintiff's allegations are sufficient to state a plausible claim that they ignored his medical prescription for a special diet.

Aramark and Jennings offer three objections to the Magistrate's recommendation. First, they assert that they are private actors, and as such, cannot be held responsible under § 1983 for constitutional deprivations.  Second, they contend that even if Aramark were a state actor, Jennings is not subject to personal liability under § 1983 because she did not have personal involvement in the alleged wrongs.  Third, Aramark and Jennings

assert that Plaintiff's failure to establish an actual physical injury bars his claim.

These objections are addressed by the Court in turn.

I.  **Whether Aramark acted Under Color of State Law**

Aramark objects to the Magistrate's finding that it acted under color of state law in regard to the inadequate diet claim by Plaintiff. Aramark argues that it is a private company, not acting under color of state law. The Court does not agree and adopts the Magistrate's reasoning on this claim.

In order to state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). A court may use several approaches in determining whether state action is present. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 939 (1982). Under the public function test, a private party acts under color of state law when it performs a function or power "traditionally exclusively reserved to the State." *Flagg Bros. v. Brooks,* 436 U.S. 149, 157 (1978); *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352 (1974).

In his Report and Recommendation, the Magistrate noted that this Court and other courts have held that a contracted food service provider, such as Aramark, can be held liable under § 1983 as a state actor because, in that situation, the food service provider has assumed the state's constitutional obligation to provide a nutritionally adequate diet to inmates. *See e.g. Jones v. Helder,* 2011 WL 1193733 (W.D. Ark. March 29, 2011); *Wilmoth v. Aramark Corr. Serv., LLC,* 2012 WL 4472145 (W.D. Ark. Sept. 27, 2012)(where this Court held that the plaintiff's allegations of rapid weight loss due to inadequate meal

provisions was enough to survive a motion on summary judgment). *See also McCullum v. City of Philadelphia*, 1999 WL 493696 (E.D. Pa. July 13, 1999)(where a Pennsylvania district court determined that Aramark was a state actor because it performed the public function of providing food and food-related services to incarcerated people); *Lucas v. Aramark Corr. Food Serv.*, 2010 WL 59194 (W.D. Ky. Jan. 5, 2010)(where a Kentucky district court ruled that because Aramark contracted with the state to provide food services to inmates, for the purposes of initial review, Aramark in its provision of food services was a state actor).

The Court is mindful that Plaintiff is acting *pro se* and that the instant Motion is a Motion to Dismiss, for which the Court must accept the factual matter pleaded by the Plaintiff to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 589 (2007). Accepting as true Plaintiff's factual allegations concerning his prescribed diet, the Court finds that Plaintiff has sufficiently alleged that Aramark was aware of Plaintiff's dietary situation, that Plaintiff's diet was inadequate in relation to his medical needs, and that Aramark assumed the obligation to provide a nutritionally adequate diet to inmates. Those allegations are sufficient to state a claim, and dismissal of that claim is not appropriate at this stage of the proceedings.

II.     **Whether Jennings is subject to § 1983 liability**

Jennings objects to the Magistrate's finding that she acted under color of state law in regard to the inadequate diet claim by Plaintiff. She argues that nothing in the Amended Complaint or the materials attached thereto allege or evince personal involvement on her part, and that, further, she is an employee of a private company, and thus, not subject to § 1983 liability.

In order to hold Jennings liable under § 1983, her liability cannot be based solely upon the doctrine of *respondeat superior*. See *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 693-94 (1978). In order to prevail on this issue, Plaintiff must show that Jennings was personally involved in the conduct and that she was deliberately indifferent to his dietary needs. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992)(citing *Wilson v. Seiter,* 501 U.S. 294, 303 (1991)).

The Court finds that Plaintiff has sufficiently alleged that Jennings was aware of Plaintiff's dietary situation, that Plaintiff's diet was inadequate in relation to his medical needs, and that Jennings was personally involved in the decision to cease providing the high protein and high calorie meal after initially providing it to Plaintiff. Therefore, Plaintiff has sufficiently stated a claim against Jennings to survive dismissal at this early state of the litigation.

### III. Constitutional Violation

Aramark and Jennings also object to the Magistrate's finding that Plaintiff alleged sufficient facts to support a claim that his constitutional rights were violated when Aramark and Jennings failed to provide him with his medically approved diet. Defendants assert that Plaintiff must show physical injury prior to bringing a claim for constitutional violations. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." That requirement is in line with the Eighth Amendment's prohibition against cruel and unusual punishment, which is violated if an inmate is not provided with meals

adequate to maintain his health. See *Wishon*, 978 F.2d at 449; *Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir. 1980).  At this stage in the proceedings, it is adequate that Plaintiff alleges that as a result of an inadequate diet, he lost substantial weight and felt weak and lacked energy.  See *Wishon*, 978 F.2d at 449.

However, even if the Plaintiff has failed to establish a physical injury, the Eighth Circuit has held that, in cases where no physical injury is suffered, § 1997e(e) does not bar recovery of other types of damages, such as nominal, punitive, injunctive and declaratory relief. See *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004). Therefore, some measure of damages is available to Plaintiff on his claims against Aramark and Jennings, even if he fails to state a claim of a physical injury.

## IV. Conclusion

The Report and Recommendations (Doc. 44) is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**.  Defendants' Motion to Dismiss (Doc. 21) is **DENIED**.

**IT IS SO ORDERED** this 2nd day of July, 2014.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUL 0 2 2014
CHRIS R. JOHNSON, Clerk
By
   Deputy Clerk