IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MATTHEW D. MOZDEN                                                                            PLAINTIFF

      v.                             Civil No. 13-5160

SHERIFF TIM HELDER; NURSE RHONDA
BRADLEY; ARAMARK CORRECTIONAL SERVICES,
LLC; SERGEANT JAMES MORSE; FOOD SERVICE
DIRECTOR SONIA JENNINGS                                                                   DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

The Plaintiff filed this action pursuant to the terms of 42 U.S.C. § 1983. He proceeds *in forma pauperis* and *pro se*.

When he filed this case, Plaintiff was incarcerated at the Washington County Detention Center (WCDC). He was specifically advised that he must immediately notify the Court of any change in his address (Doc. 3).

The last address the Court has for the Plaintiff is the Grimes Unit of the Arkansas Department of Correction. Since April 15, 2014, all mail sent to the Plaintiff by the Court has been returned marked paroled.

On August 19th, Defendants' Aramark Correctional Services, LLC, and Sonia Jennings, filed a motion to dismiss (Doc. 49) based on the fact that Plaintiff has not provided the Court with his current address. Further, Defendants note that Plaintiff has taken no steps to prosecute his claim since November 21, 2013.

-1-

The Court has not had an accurate address for the Plaintiff since April.  Plaintiff has not contacted the Court in anyway.  He has not submitted a change of address and has filed no documents with the Court.

I therefore recommend that the motion to dismiss (Doc. 49) be granted based on the Plaintiff's failure to keep the Court and defense counsel informed of his current address and his failure to prosecute this action.  The case should be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of September 2014.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE